# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLARENCE J. WHITAKER,**

      **Plaintiff,**

**-vs-**                              **Case No.  6:06-cv-1718-Orl-18KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) (Doc. No. 20)** |
| **FILED:** | **October 15, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Bradley K. Boyd, Esq., counsel for Plaintiff Clarence J. Whitaker, petitions for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  Doc. No. 20.

## I.    PROCEDURAL HISTORY.

In August 2004, Whitaker applied for benefits under the Supplemental Security Income for Aged, Blind, and Disabled program ("SSI"), 42 U.S.C. § 1381 *et seq.*, and under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401 *et seq.*  The SSA denied Whitaker's applications both initially and on reconsideration.  Whitaker made a timely request for a hearing before an administrative law judge ("ALJ"), who concluded Whitaker was not disabled.

Whitaker requested review of the ALJ's decision with the Appeals Council.  The Appeals Council

denied his requests for review.  *See* Doc. No. 15 at 1-3.

      After reviewing the record, this Court found the cumulative effect of the evidence in the record

established disability without any doubt, reversed the Commissioner's decision and remanded the case

for an award of benefits.  *Id.* at 12-13.  The Clerk entered a judgment in favor of Whitaker.  Doc. No.

16.  Whitaker then filed a petition for an award of attorney's fees under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412.  Doc. No. 17.  That motion was granted in part, and Whitaker was

awarded $2,783.04 in attorney's fees.  Doc. No. 18.

      On August 28, 2008, the Commissioner issued a letter advising Whitaker that he was entitled

to monthly disability benefits from June 2004.  Doc. No. 20-2 at 2.  Whitaker then filed the present

motion for attorney's fees pursuant to § 406(b) on October 15, 2008.  Doc. No. 20.

      Boyd represented Whitaker in the administrative proceedings and before this Court pursuant

to a contingent fee agreement that provides for an attorney's fee award of 25% of any past-due benefits

awarded, or $5,300.00.  Doc. No. 20-4.  Boyd avers that Whitaker was awarded $27,936.00 in past-

due benefits.  Doc. No. 20-5 (Boyd Aff.).  In his petition, Boyd also states that the SSA withheld

$6,984.00 from Whitaker's past due benefits for payment of attorneys' fees.  Doc. No. 20 ¶ 1.

      Boyd now requests that the Court award to him additional fees pursuant to § 406(b) in the

amount of $6,984.00.  Boyd represents that he will refund to Whitaker the $2,783.04 received under

the EAJA.  Doc. No. 20 ¶ 9.[1]  The Commissioner does not object to the relief requested.  *See id.* ¶ 12.

---

    [1]  When attorney's fees are awarded under both § 406(b) and the EAJA, a social security
claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen v.
Comm'r*, 454 F.3d 1273, 1277 (11th Cir. 2006)(quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796
(2002)).

This matter is before me pursuant to the consent of the parties.  Doc. Nos. 8, 9.

## II.    ANALYSIS.

*A.    Award of Fees Under § 406(b) Generally.*

Boyd seeks attorney's fees pursuant to § 406(b),[2] which provides, in relevant part, as follows:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court .  *Id*. § 406(b)(2).  Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the  Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Whitaker was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

---

[2]  The payment of fees in SSI cases is governed by 42 U.S.C. § 1383(d).  Originally, only § 406(a), which governs payment of fees for work performed at the administrative level, was incorporated into § 1383(d).  Section 406(b), which governs payment of fees for work performed before the court, was not.  *See Bowen v. Galbreath*, 485 U.S. 74, 75 (1988).  However, in the Social Security Protection Act of 2004 ("SSPA"), Pub. L. No. 108-203, Congress incorporated all of § 406 into § 1383(d).   Pub. L. No. 108-203, sec. 302(a).

    B.      *Timeliness of the Petition*.

    The first question is whether the present petition is timely.  An application for fees under §

406(b) must be brought within the time provided by Federal Rule of Civil Procedure 54(d)(2), which

requires filing a motion for attorney's fees within fourteen days "after entry of judgment." *Bergen*,

454 F.3d at 1277.  In *Bergen,* the Eleventh Circuit declined to address when judgment is considered

entered for purposes of a post-remand award of benefits.  *Id*.  The court stated that "[b]ecause the

Commissioner has not objected to the timeliness of the attorney's fees petitions, we do not address

this issue in this case and merely hold that the petitions were timely."  *Id*. at 1277-78.

    Of course, the Commissioner has no incentive to object to motions that were not timely filed;

the Commissioner only wishes to be told to whom the SSA should pay past-due benefits that have

been awarded.  A plaintiff similarly will not often object because the plaintiff is represented by

counsel and thus cannot ordinarily be heard in *pro per*.  Nevertheless, the Eleventh Circuit having

held that the petitions filed more than fourteen days after the decision on remand was issued should

be considered absent objection, this Court is bound to follow the decision.  No objection having been

made to the timeliness of the present petition, I will treat it as timely filed.

    C.      *Reasonableness of Contingent Fee Awards Under § 406(b)*.

    The next question the Court must resolve is whether the requested fee is reasonable.  *See*

*Gisbrecht*, 535 U.S. at 807.  The burden is on counsel for the successful claimant to show that the fee

sought is reasonable for the services rendered.  *Id.*  "[T]he court may require the claimant's attorney

to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's

normal hourly billing charge for noncontingent-fee cases."  *Id.* at 808.  The Court observed that the

contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case. . . ." *Id.*

In a recent case approving a contingent fee for a Social Security claimant's counsel, *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *2-5 (M.D. Fla. Sept. 30, 2008), I set forth a lengthy discussion of the reasonableness of contingent fee awards and the proper standards for their evaluation, concurring with the standard established in *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005). *McKee*, 2008 WL 4456453, at *5. I adopt that analysis in this order.

### D.  Application of § 406(b) and Case Law.

I find Boyd has established the reasonableness of his contingency fee under the analysis detailed in *McKee*. In support of his argument that the fees he seeks are reasonable, Boyd presented the contingent-fee agreement signed by Whitaker, affidavits and a timesheet reflecting the hours he and his co-counsel worked in the case. Doc. Nos. 21-4 (Fee Agreement), 20-3 (Timesheet), 20-5 (Boyd Aff.), 20-6 (Rush Aff.). The Fee Agreement limits the fees Boyd may recover to 25% of any past-due benefits awarded, although it permits attorney's fees that exceed 25% of past-due benefits to the extent that the Court requires the government to pay a portion of the attorney's fees. Boyd correctly concedes, however, that he must refund to Whitaker the EAJA fee he received. Accordingly, I conclude that the Fee Agreement permits Boyd to recover the $6,984.00 he requested.

My review of the file reflects that this was a contested matter before this Court. *See* Doc. No. 5 (answer requesting the Court dismiss Whitaker's complaint); Doc. No. 13 (memorandum by

Defendant in support of the Commissioner's decision).  As a result of Boyd's work, Whitaker was successful on his claim.  Further, the Fee Agreement reflects that Whitaker was cognizant that the attorneys' fees he was agreeing to pay Boyd could amount to "several hundred dollars per hour" on a non-contingent basis.  Fee Agreement ¶ III.  In support of his contention that the requested fee is reasonable, Boyd avers that he is an attorney who has represented claimants before the SSA since 1993, Boyd Aff. ¶¶ 1, 4, and his co-counsel Krista Rush avers she has represented claimants before the SSA since 2001. Rush Aff. ¶¶ 1, 4.  The Timesheet shows that Boyd worked 4.57  hours and Rush worked 12 hours on this case.  *See* Timesheet.

A contingent-fee award of $6,984.00 is not unreasonable in light of the 25% statutory limit, contingent fee agreements in the Orlando legal market, the requirement that counsel refund the previously awarded EAJA fee, and contingent fee agreements permitted in other cases.  *See Yarnevic*, 359 F. Supp. 2d at 1365-66 (citing contingent fee awards).  Applying the foregoing general principles to this case, such an award would not constitute a windfall to Plaintiff's counsel and I conclude it is reasonable.

## III.   CONCLUSION.

Accordingly, Plaintiff Clarence J. Whitaker's Petition is **GRANTED in part**.  It is **ORDERED** that Bradley K. Boyd, Esq., is authorized to charge and collect from Whitaker the sum of $6,984.00.  Simultaneously, Boyd shall refund to Whitaker the $2,783.04 he received as an EAJA fee.  It is further **ORDERED** that Boyd shall promptly provide a copy of this Order to Whitaker.  If

Whitaker objects to the award of attorneys' fees, he may file an objection with this Court on or before

October 31, 2008.

   **DONE** and **ORDERED** in Orlando, Florida on October 23, 2008.

                                        *Karla R. Spaulding*
                                    KARLA R. SPAULDING
                              UNITED STATES MAGISTRATE JUDGE